UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2015 FEB 20  P  2: 40

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: _2/20/15_

_Rogelio Aguasvivas - Done_

_(In the space above enter the full name(s) of the plaintiff(s).)_

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_Andrej Bajuk in his official and individual capacity_
_The Assigned Counsel Plan / 18B Panel_
_Michael Moris in his official and individual capacity_
_The Drug Enforcement Administration_
_The New York Drug Enforcement Task Force_

Jury Trial:  ☒ Yes   ☐ No

(check one)

14 Civ. 6108 (LAP)

_(In the space above enter the name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)_

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  ·Attach additional sheets of paper
as necessary.

Plaintiff's      Name_ Rogelio Aguasvivas - Done _
ID#_ 349  130  2258 _
Current Institution_ A.M.K.C. _
Address_ 18-18 Hazen Street _
_ E. Elmhurst, NY  11370 _

B.     List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1     Name_ Andrej Bajuk _            Shield #_____
Where Currently Employed _____
Address_ 225 Broadway, Suite #1100 _
_ New York, NY  10007 _

_Rev. 01/2010_                              1

Defendant No. 2    Name *The Assigned Counsel Plan/18B Panel*    Shield #_____
Where Currently Employed _____
Address *253 Broadway*
*New York, NY 10007*

Defendant No. 3    Name *Michael Morris*    Shield #_____
Where Currently Employed *Drug Enforcement Administration*
Address *99 Tenth Avenue*
*New York, NY 10011*

**Who did what?**

Defendant No. 4    Name *Drug Enforcement Administration*    Shield #_____
Where Currently Employed _____
Address *99 Tenth Avenue*
*New York, NY 10011*

Defendant No. 5    Name *The New York Drug Enforcement Task Force*    Shield #_____
Where Currently Employed _____
Address *Pending - unknown at this time.*

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
*Not Applicable*

B.    Where in the institution did the events giving rise to your claim(s) occur?
*Not Applicable*

C.    What date and approximate time did the events giving rise to your claim(s) occur?
*May 13, 2013*

D.    Facts: *SEE Attached Statement of facts and claim*

**What happened to you?**

----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------

```
Was
anyone
else
involved?
```

----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------

```
Who else
saw what
happened?
```

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

deprivation/loss of property, specifically my vehicle Audi 2006, (SEE EXHIBIT 'A', Title and ID of Vehicle)

----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------
----------------------------------------------------------

**IV.    Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __X__ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____ *G.R.V.C. + A.M.K.C.* _____

_____

_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _X_   No ____   Do Not Know ____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No _X_   Do Not Know ____

If YES, which claim(s)?

_____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No _X_

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No _X_

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?   *Not Applicable*

1.   Which claim(s) in this complaint did you grieve?

_____

2.   What was the result, if any?

_____

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:
   *This issue does not involve events within the jail setting nor are defendants employed at any Correctional Facilities*

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I submitted a complaint to the Assigned Counsel Plan and the Departmental Disciplinary Committee (SEE EXHIBIT 'E')

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I am seeking to have the declaration of the forfeiture set aside, have my property returned or replaced in its physical form or received the money equal to the value of the vehicle (approximately $12,000.00 SEE EXHIBIT 'C' detailing Asset Value), I am seeking $100,000.00 as compensatory money damages for the deprivation of property, violation of my federally protected rights and for the mental pain + suffering + emotional distress sustained as a result of this harm and I am seeking $20,000.00 in punitive damages for the reckless and callous indifference by the defendants to my federally ~~prote~~ protected rights

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes X   No ____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff   ~~Andrej Bajok~~ Rogelio Aguasvivas-Done

Defendants   Andrej Bajok and the city of New York

2. Court (if federal court, name the district; if state court, name the county) Pending – Notice of Claim was filed with Comptroller's office

____ 3.    Docket or Index number   Pending – waiting for Claim number

____ 4.    Name of Judge assigned to your case   Pending

5.    Approximate date of filing lawsuit   2-2-15

6.    Is the case still pending?  Yes X   No ____

If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)   Pending _____

_____

_____

<div style="border:1px solid">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____   No X

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

____ 3.    Docket or Index number _____

____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes \_\_\_\_   No \_\_\_\_

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _13_ day of _February_ , 20_15_ .

                      Signature of Plaintiff

                      Inmate Number      349-130-2258

                      Institution Address   A.M.K.C

                                     18-18 Hazen Street

                                     E. Elmhurst, NY 11370

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _13_ day of _February_ , 20_15_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                      Signature of Plaintiff:

*Rev. 01/2010*               7

## Statement of Claim

At all relevant times herein, defendants were "persons" and acted "under color of state law" to deprive the plaintiff of his Fourth, Fifth, Sixth, Eighth Amendment U.S. Constitutional Rights, as set more fully below.

## Statement of Facts

The plaintiff, Rogelio Aguasvivas-Done, as a pre-trial detainee, is submitting this claim, seeking relief for the violations, of his Federal rights protected under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of U.S. Constitution by the defendants. Manner in which claim arose is as follows:

On February 4th, 2013, an application for a search warrant composed by defendant Special Agent Michael Morris from the Drug Enforcement Administration (who are defendants in this action as well), was approved by the Special Narcotics Court of New York County. (SEE Exhibit 'B', the Search Warrant)

According to defendant, Michael Morris, one of the targeted addresses, 1244 ~~tirjy~~ Virginia Avenue, was suspected as being a location where activity involving narcotic distribution was taking place.

The address is a legitimate furniture business titled, "C+R Upholstery". This is the same address listed in the Title of the

vehicle that belongs to the plaintiff (SEE Exhibit "A", Title of Vehicle).

The exact time of when the search was conducted is unknown to the plaintiff, however, the search of 1244 Virginia Avenue, produced absolutely no evidence related to narcotics distribution. As of today, even after the search, ~~remains~~ C + R Upholstery remains an open/operable business.

Although no evidence surfaced from the search of address listed on plaintiff's Title + Registration, defendants Michael Morris, The Drug Enforcement Administration and the New York Drug Enforcement Task Force, arrested the plaintiff on 2-5-2013.

Plaintiff was charged, indicted and arraigned in Manhattan Supreme Court, Part 45, for Conspiracy in the 1st Degree in violation of Penal Law 105.15, Criminal Possession of a Controlled Substance in the 1st Degree in violation of Penal Law 220.21(i) and Criminal Possession of a Controlled Substance in the 3rd Degree in violation of Penal Law 220.16(i).

On 2-5-2013, defendant, the Assigned Counsel Plan/18B Panel, appointed defendant, Andrej Bajuk, to represent the Plaintiff in aforementioned criminal matter which is still pending disposition under indictment number 580/2013.

As the plaintiff neither reads, speaks or writes in the English language, an interpreter from the Assigned Counsel Plan/18-B Panel was provided to assist Mr. Bajuk and plaintiff with communications relevant to his criminal case.

During the pendency of the criminal case, defendant The Drug Enforcement Administration, mailed a "Notice Of Seizure" to the Plaintiff and his court-appointed attorney, defendant Mr. Bajuk. (SEE Exhibit 'C', Notice of Seizure).

Upon receiving the Notice of Seizure, plaintiff went to the law library at G.R.V.C. to ask the civilian legal coordinator what the contents of the 'notice' was referring to. The legal coordinator instructed plaintiff to provide the Notice of Seizure to his attorney.

Plaintiff mailed a copy of the Notice of Seizure to defendant Mr. Bajuk.

A subsequent phone call to defendant Mr. Bajuk, it was revealed to the "Plaintiff" through an interpreter, that the attorney had received the "Notice of Seizure" pertaining to his vehicle and that Mr. Bajuk will "take care" of this matter for him. At no given time was plaintiff aware nor made aware by Mr. Bajuk that forfeiture proceedings

were underway and that there was a specific deadline to contest such forfeiture. The ommission of this information by defendant Mr. Bajuk left Plaintiff with inadequate notice of the seizure within sufficient time to file a timely claim.

Plaintiff maintains that defendant Mr. Bajuk was not a freely selected attorney. Mr. Bajuk was court-appointed by defendant the Assigned Counsel Plan/18-B Panel.

Upon interpreter disclosing to plaintiff that Mr. Bajuk was handling matters relevant to his property, Plaintiff took the position that as a loyal advocate for his matters, Mr. Bajuk, would take all the necessary steps to protect plaintiff from any forseeable harm or deprivation of property.

On June 13th 2013, plaintiff's request for re-assignment of Counsel was granted. Mr. Bajuk was relieved as court-appointed counsel. Prior to this date, plaintiff, through phone calls, counsel visits and court appearances, requested and update on the status of criminal case and the issue with his vehicle. Mr. Bajuk through an interpreter assured plaintiff that "he was taking care of everything." Plaintiff requested for a re-assignment of counsel after he noticed that his matters were not

properly being represented and that very little progress was being made in his criminal case.

After defendant Mr. Bajuk was replaced by new counsel, Plaintiff with the assistance of the civilian legal coordinators at the G.R.V.C. Law Library wrote a letter to the defendant, the Drug Enforcement Administration, to get an update on the status of his vehicle. He also had a letter sent to Mr. Bajuk requesting all his legal documents relevant to his criminal case and the Notice of Seizure.

On September 3rd 2013, defendant the Drug Enforcement Administration, replied to plaintiff's request. (See Exhibit 'D'). The response clearly states,

"The DEA sent written notice of the seizure to your residence, your place of incarceration and your attorney"

"After the period identified in these letters expired without response, the DEA forfeited the currency on July 3, 2013"

"the time for seeking relief from forfeiture ... had expired several months before the DEA received your request"

- - - - - - - - - - - - - - -

The U.S. Constitution prohibits the

deprivation of life, liberty and property, without due process of law, requires that the Assistance of Counsel be effective, prohibits cruel and unusual punishment and provides for the equal protection of the laws.

The Fourth Amendment states people have a right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, and no warrants shall be issued but upon probable cause.

Plaintiff asserts that his Constitutional Rights were violated by defendant Michael Morris and the Drug Enforcement Administration and the New York Drug Enforcement Task Force in the unreasonable seizure of his property.

Although a warrant was approved to search 1244 Virginia Avenue, the items or evidence that were being looked for by the defendants did not surface. Absolutely no evidence that indicates "drug-trafficking" was produced from the search of 1244 Virginia Avenue. Plaintiff maintains if no evidence was found at the targeted address, then the seizure of his property (the vehicle) constitutes an "unreasonable seizure" and cruel and unusual punishment. Moreover, if government officials suspected 'C+R Upholstery' to be a location

of narcotic distribution, why after a failed search would they seize plaintiff's property and permit the business to continue to operate?

Plaintiff also claims had it not been for the ineffective assistance of counsel, appointed by the Assigned Counsel Plan/18-B Panel, provided by Andrej Bajuk, the loss of his property could have been prevented. It is without question that defendant Andrej ~~Baju~~ Bajuk's representation fell below an objective standard of reasonableness. Mr. Bajuk received Notice of the Seizure from the Plaintiff and defendants the D.E.A. Mr. Bajuk was well aware of the fact that plaintiff did not understand the english language and made plaintiff aware through an interpreter that he would be "taking care of everything". The failure to file a timely claim is what caused the deprivation of property. Had it not been for this error by Mr. Bajuk, plaintiff's vehicle would have not been forfeited. Plaintiff states that he should not be bound by the incompetent ~~incompetent~~ acts and intentional, willful and knowing neglect of an attorney who was not freely selected.

Plaintiff states that Mr. Bajuk's malfeasance and blatant omissions are direct causes of the loss of his property and violate his Fifth, Sixth, Eighth and Fourteenth Amendment U.S. Constitutional Rights.

Plaintiff states that by appointing an attorney who was reckless and callously indifferent to his ~~fedell~~ federally protected rights, the Assigned Counsel Plan/18B Panel are liable for the loss and harm he suffered.

Plaintiff states that the Assigned Counsel Plan/18 Panel were grossly negligent in not adequately supervising, screening, training or managing an individual subordinate (Mr. Bajuk) who violated his federal rights.

Both Assigned Counsel Plan/18-B Panel and Mr. Bajuk's negligence combined not only violated Plaintiff's Constitutional Rights but had it not been for this attorney's malpractice, plaintiff would have succeeded in contesting the seizure/forfeiture and regaining his vehicle.

THE PLAINTIFF

EXHIBIT

'A'



www.dmv.ny.gov

# NEW YORK STATE

| Title and Identification No. | Year | Make | Model Code | Body/Hull | Document No. |
|---|---|---|---|---|---|
| WAUEH74F56N090048<br>WAUEH74F56N090048 | 2006 | AUDI | AA6 | 4DSD | 382194N |

| Color | Wt./Sts./Lgth. | Fuel | Cyl./Prop. | New or Used | Type of Title | Date Issued |
|---|---|---|---|---|---|---|
| GY | 3843 | GAS | 6 | USED | VEHICLE | 9/24/12 |

Name and Address of Owner(s)

AGUASVIVAS-DONE,R
1244 VIRGINIA AVE
BRONX NY        10472

ODOMETER READING: __118674__
__118674__

**ACTUAL MILEAGE**



This document is your proof of ownership for this vehicle, boat or manufactured home. Keep it in a safe place, not with your license or registration or in your vehicle or boat. To dispose of your vehicle, boat or manufactured home, complete the transfer section on the back and give this title to the new owner.

| Lienholder | Lienholder |
|---|---|
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |

| Lienholder | Lienholder |
|---|---|
| * NO LIENS RECORDED * | * NO LIENS RECORDED * |

MV-999 (1/11)

## DEPARTMENT OF MOTOR VEHICLES

EXHIBIT 'A'

EXHIBIT

"B"

SUPREME COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS COURTS
COUNTY AND CITY OF NEW YORK

| In the Matter of |
| --- |
| an application for a warrant authorizing a search of 2059 St. Raymonds Avenue, Apartment 2F, Bronx, New York ("TARGET PREMISES 1"). |

| In the Matter of |
| --- |
| an application for a warrant authorizing a search of C&R UPHOLSTERY located at 1244 Virginia Avenue, Bronx, New York ("TARGET PREMISES 2"). |

| In the Matter of |
| --- |
| an application for a warrant authorizing a search of 2910 Wallace Avenue, Apartment E7, Bronx, New York ("TARGET PREMISES 3"). |

| In the Matter of |
| --- |
| an application for a warrant authorizing a search of 2300 Olinville Avenue, Apartment 5A, Bronx, New York ("TARGET PREMISES 4"). |

0214-2013
SEARCH WARRANT NO. _____
SPECIAL NARCOTICS COURT

AFFIDAVIT IN SUPPORT
OF AN APPLICATION FOR
A SEARCH WARRANT

0215-2013
SEARCH WARRANT NO. _____
SPECIAL NARCOTICS COURT

AFFIDAVIT IN SUPPORT
OF AN APPLICATION FOR
A SEARCH WARRANT

0216-2013
SEARCH WARRANT NO. _____
SPECIAL NARCOTICS COURT
AFFIDAVIT IN SUPPORT
OF AN APPLICATION FOR
A SEARCH WARRANT

0217-2013
AFFIDAVIT IN SUPPORT
OF AN APPLICATION FOR
A SEARCH WARRANT

SEARCH WARRANT NO. _____
SPECIAL NARCOTICS COURT

It is requested that the officers executing the search warrants be permitted to enter the above premises at any time of day or night. I believe that it may be necessary to execute the search warrants at nighttime – i.e. between the hours of 9:00 p.m. and 6:00 a.m. – for the safety of the law enforcement officers involved in the execution of the warrant and the greater likelihood of the recovery of heroin and the arrest of parties culpable in the trafficking of heroin and other narcotics.

It is also requested that the officers executing the warrant be permitted to enter the above premises without giving prior notice of authority and purpose, as the property sought may be easily and quickly destroyed or disposed of, and because giving notice may endanger the lives and safety of the executing officers and others. The reasons for my belief are as follows: the type and amount of drugs sought, to wit, large quantities of heroin and other narcotics; the targets of the search warrant are reasonably likely to be present at the time of the execution of search warrant; my experience with or knowledge of the destruction of drugs during narcotics-related arrests and the execution of narcotics search warrants, to wit, during many prior executions, individuals inside the target locations have thrown narcotics out of windows or attempted to flush them down the toilet; there are areas inside the target premises that the targets and others can

use for destruction or disposal of the illegal drugs, to wit, access to multiple windows, access to a toilet; access to the target premises is restricted, in that there are multiple locks on the front door of the target apartment; the location is being used for drug distribution on an ongoing basis, and it is therefore reasonably likely that the targets have taken precautions to destroy the illegal drugs; the dangers inherent in the drug trade; my experience with or knowledge of the recovery of weapons in narcotics-related arrests and the execution of narcotics search warrants.

It is also requested for evidentiary purposes that this Court grant authorization for law enforcement personnel to videotape and photograph the interior of the target premises; and to process the target premises for fingerprints; and to analyze, test, and in any way scientifically process the target premises and all items seized.

With respect to the stored electronic communications, data, information and images contained in computer disks, CD ROMs and hard drives, described above, it is also requested that this Court grant permission to retrieve the above-described communications, data, information, and images, and print them or otherwise reproduce them by converting them or copying them into storage in another device.

Further, it is requested that this affidavit be sealed,

said sealing to be disturbed only by Order of the Court.

No previous application in this matter has been made in this or in any other court to any other judge or justice.

Special Agent Michael Morris
Drug Enforcement Administration

Sworn to before this
4 day of February, 2013

TIME:  10 15 pm

Justice Bruce Allen
Supreme Court, New York County
Special Narcotics Court

HON. BRUCE ALLEN

PT. 45   FEB 04 2013

APPROVED: _____
Amy Sharpe
Assistant District Attorney
(212) 815-0103





# U.S. Department of Justice

### Drug Enforcement Administration

| | |
|---|---|
| Asset Id: | 13-DEA-578300 |
| Case Number: | CT-12-0045 |
| Property: | 2006 Audi A6 |
| Vehicle ID Number: | WAUEH74F56N090048 |
| Asset Value: | $11,675.00 |
| Seizure Date: | 02/08/2013 |
| Seizure Place: | Bronx, NY |
| Owner Name: | Cespedes, Alfida E. |
| Seized From: | Don...,Rogelio Aquavivas Done AKA Rogelio Aguasviva-Done AKA |
| Judicial District: | Southern District of New York |

Rogelio Aquavivas Done, Prisoner ID No. 3491302258
aka Done Rogeliio Aguasvivas, Rogelio Aguasvivas-Done
and Rogelio Aguasviva-Done
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, NY 11370

## NOTICE MAILING DATE: April 8, 2013

## NOTICE OF SEIZURE

The above-described property was seized by the Drug Enforcement Administration (DEA) for forfeiture pursuant to **Title 21, United States Code (U.S.C.), Section 881**, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty **(30)** days of your receipt of this notice. The petition must include proof of your

interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **May 13, 2013**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to

hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, 8701 Morrissette Drive, Springfield, VA 22152. A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset ID referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**



U. S. Department of Justice

Drug Enforcement Administration

---

*www.dea.gov*

SEP 0 3 2013

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Rogelio Aquavivas Done
ID No. 349130 2258
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York    11370

RE:    DEA Case No. CT-12-0045
       Asset ID No. 13-DEA-578300
       2006 Audi A6

Dear Mr. Done:

    I am writing in response to your request for the return of the above-referenced property. Following your arrest for heroin trafficking, the Drug Enforcement Administration (DEA) seized the Audi for the purpose of Federal forfeiture pursuant to 21 U.S.C. § 881(a)(4).  Thereafter, the DEA sent written notice of the seizure to your residence, your place of incarceration and your attorney. See 18 U.S.C. § 983(a)(1).  After the period identified in these notice letters expired without response, the DEA forfeited the currency on July 3, 2013.  Consequently, the time for seeking judicial relief from the forfeiture in Federal court or administrative relief from the forfeiture through the remission process had expired several months before the DEA received your request.  See 18 U.S.C. § 983(a); 28 C.F.R. § 9.3(a).  Accordingly, your request is denied.

                             Sincerely,

                             Larry D'Orazio
                             Senior Attorney

EXHIBIT

E

Rogelio Aguasvivas-Done
(349-130-2258)
18-18 Hazen Street
E. Elmhurst, NY 11370
January 30, 2015

To: The Departmental Disciplinary Committee
First Department
61 Broadway
NY, NY 10006

RE: Complaint against Andrej Bajuk

Dear Sir or Madam,

At this time, I, Rogelio Aguasvivas-Done, would like to submit this complaint regarding the incompetent and purposefully damaging representation from my former Court Appointed Counsel, Mr. Andrej Bajuk.

Mr. Bajuk was assigned to represent in what continues to be a pending criminal case in New York Supreme Court in New York County. The case is under indictment #580-2013 in which I have been charged with Conspiracy in the 2nd Degree (P.L. 105.15) and Criminal Possession of a Controlled Substance in the First Degree (P.L. 220.21).

At the core of this complaint is that Mr. Bajuk failed to protect me from

a forseeable harm, the loss and deprivation of property, my 2006 Audi A6 vehicle. (SEE EXHIBIT A').

On February 4th, 2013, an application for Search Warrant # 0215-2013, was approved by Judge Bruce Allen, authorizing members of the Special Narcotics Team, The D.E.A. and the New York Drug Enforcement Task Force to search the address, 1244 Virginia Ave, Bronx, NY 10472 for any proceeds, contraband or evidence connected to narcotics distribution. (SEE EXHIBIT 'B' the Warrant). Please be advised, that this is the same address the Title of my vehicle is registered under.

Although no evidence was found at the targeted address, I was subsequently arrested and my car was seized.

I was not aware of the seizure of my vehicle until I spoke to Mr. Bajok's interpreter who assured me they were aware of the seizure and would do everything they could to make sure I did not lose my property.

Exhibit C is a Notice of Seizure sent to myself and Mr. Bajok. Because I could not speak nor read the English Language I was not aware that

There was a required deadline for me to file a claim for my seized car. Upon receiving the Notice of Seizure I gave it to Mr. Bajuk who stated that would take care of the situation.

On June 13th 2013, after I noticed that Mr. Bajuk was not diligently nor effectively representing my pending matters in New York Supreme Court, I requested to have him re-assigned and that all documents pertaining to my circumstance be given to me.

On the grounds that Mr. Bajuk's providing of documents was delayed, I wrote a letter to the DEA requesting an update on the status of my car.

According the DEA.'s response, no claim was ever filed, my car was forfeited and the time to contest the forfeiture had expired. (SEE EXHIBIT 'D').

Due to Andrej Bajuk's willful neglect, incompetence and failure to zealously defend and represent my matter I have been deprived of my property and as a result lost ownership of my vehicle.

Mr. Bajuk did not only fall below the minimum standard of a reasonably competent attorney, he also is in violation of several rules of proffessional conduct and a violator of my

Constitutional Rights.

As a result of Mr. Bajuk's damaging representation, I am seeking to obtain relief from various courts for malpractice and constitutional violation claims.

Please accept this legal document as a complaint against Mr. Bajuk in hopes that he will be held accountable for failing to protect me from a forseeable harm and contributing to the loss of my property. Thank you.

Respectfully,

Complainant

1/31/15

Notary Public

NKECHI IGBO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01IG6163948
Qualified in Queens County
My Commission Expires Apr.

GRIEVANCE COMMITTEE FOR THE
2ND & 11TH JUDICIAL DISTRICTS
DIANA MAXFIELD KEARSE, CHIEF COUNSEL
RENAISSANCE PLAZA - SUITE 2400
335 ADAMS STREET
BROOKLYN, NEW YORK 11201-3745
(718) 923-6300

This office investigates allegations of misconduct of attorneys with offices in BROOKLYN, QUEENS and STATEN ISLAND ONLY.

If the attorney in question has his office in MANHATTAN or the BRONX, please send this form to:
THOMAS J. CAHILL, ESQ., CHIEF COUNSEL
DEPARTMENTAL DISCIPLINARY COMMITTEE
FIRST JUDICIAL DEPARTMENT
61 BROADWAY - 2nd FLOOR
NEW YORK, NEW YORK 10006
(212) 401-0800

If the attorney in question has his office in either WESTCHESTER, NASSAU or SUFFOLK COUNTY, please send this form to:

| SUFFOLK & NASSAU | WESTCHESTER COUNTY |
|---|---|
| RITA ADLER, CHIEF COUNSEL | GARY L. CASELLA, CHIEF COUNSEL |
| GRIEVANCE COMMITTEE FOR THE | GRIEVANCE COMMITTEE FOR THE |
| 10TH JUDICIAL DEPARTMENT | 9TH JUDICIAL DISTRICT |
| 150 MOTOR PARKWAY - SUITE 102 | 399 KNOLLWOOD ROAD - SUITE 300 |
| HAUPPAUGE, NEW YORK 11788 | WHITE PLAINS, NEW YORK 10603 |
| (631) 231-3775 | (914) 949-4540 |

DATE: _January 28, 2015_

COMPLAINANT:                    # 3491302258
(MR.) (X)
YOUR NAME: (MS.) ( )  _Dore-Aguasvivas_  _Rogelio_
                      (LAST)           (FIRST)        (INITIAL)

ADDRESS: _18-18  Hazen  Street_
                    (STREET)

_E.Elmhurst_          _NY_          _11370_
(CITY)     (COUNTY)   (STATE)       (ZIP CODE)

TELEPHONE NUMBER (HOME)_____(OFFICE)_____

ATTORNEY IN QUESTION:
NAME: _Bajuk_      _Andrej_
       (LAST)      (FIRST)              (INITIAL)

ADDRESS: _225  Broadway,  Suite #1100_
                       (STREET)

_N.Y._          _N.Y._          _10007_
(CITY)     (COUNTY)   (STATE)       (ZIP CODE)

TELEPHONE NUMBER: _212-803-5126_

CONTACT WITH OTHER AGENCIES:
Have you contacted any other agency, such as the Bar Association or District Attorney's Office concerning this matter? _Yes_

If so, state the name of the agency: _The Assigned Counsel Plan, DOI.,_

What action was taken by the agency: _Pending_

COURT ACTION TAKEN BY YOU AGAINST THE ATTORNEY:
Have you taken any civil or criminal action against the attorney? _Yes_  Submitted a 42 USC 1983

If so, please name the court and provide the index number: _Pending_

What action was taken by the Court? _Pending_

FACTS: Start from the beginning and be sure to tell why you went to the attorney, when you had contact with the attorney, what happened each time you contacted the attorney and what it was that the attorney did wrong. Please send this office COPIES of all papers that you received from the attorney along with this form.   PLEASE DO NOT USE STAPLES.

